UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN VOISEY, ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-7635 |
| STATE FARM FIRE & CASUALTY CO. | SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court are two motions filed by the Defendant. The first is Defendant's Motion in Limine Regarding Limitation of Penalties and Attorney's Fees (Rec. Doc. 43). The second is Defendant's Motion for Partial Summary Judgment on Bad Faith and Attorney's Fees (Rec. Doc. 46).

**BACKGROUND**

In this Katrina related litigation, Plaintiffs have filed suit against their insurance company to recover for damage inflicted on Plaintiffs' property as a result of the Hurricane. Plaintiffs' original complaint asserts that Defendant did not make sufficient payments for damage to the property. Plaintiffs allege that the property in question was destroyed by wind and not flood, as Defendant claims. Defendant claims that because the property was destroyed by flood, the homeowner's policy it

issued to Plaintiff does not cover the losses.

This case was originally filed in state court in St. Tammany Parish before being removed in October, 2006.  This Court issued a scheduling order on Dec. 8, 2006 setting this case for trial on October 1, 2007.  On August 2, 2007, Plaintiffs filed an unopposed motion to continue the trial date on the grounds that the Plaintiffs were in the midst of negotiating a property settlement following divorce proceedings between them, an action that was pending in state court.  This court granted the motion, and a new scheduling order was issued.

On August 18, 2007, this Court issued a second scheduling order, which set this case for a jury trial on March 31, 2008. Thereafter on September 20, 2007, Plaintiffs filed a motion seeking leave to file a first amended and supplemental complaint. In their proposed pleading, Plaintiffs sought to allege that Defendant induced Plaintiffs to buy "hurricane protection insurance."  Plaintiffs alleged that this insurance is in fact "illusionary" and is therefore an unfair trade practice as defined by the Louisiana Insurance Code.  The motion was opposed. After oral arguments, Magistrate Knowles denied Plaintiffs' motion to file an amended complaint.  Judge Knowles specifically found that Plaintiff's had not shown good cause as required by FED. R. CIV. P.16(b).

2

Thereafter, this Court granted a Defense Motion in Limine to prevent the Plaintiffs from introducing parol evidence referring to the policy as a "hurricane protection" policy.  Further this Court determined even assuming that Plaintiffs' allegation of being marketed a hurricane protection policy were true, such an action cannot constitute bad faith under the meaning of LA REV. STAT. ANN. § 22:1220.

## DISCUSSION

*A. Motion in Limine Regarding Retroactivity*

In *Conlee v. Fireman's Fund Ins. Co.*, No. 07-660, 2007 WL 2071860 (E.D. La. July 17, 2007)(Barbier, J.), this Court determined that the amendments to section 658 were not retroactive.  However, this Court has also held that the amendment should be applied prospectively.  *Id.*

This Court has held that an insurer owes its insured a continuing duty of good faith and fair dealing.  *Kodrin v. State Farm Fire Ins. Co.*, No. 06-8180, 2007 WL 4163437 (E.D. La. Nov. 21, 2007)(*citing Conlee*, 2007 WL 2071860).  In *Kodrin*, this Court held that an insurer has a continuing duty to fairly evaluate and adjust an insured's claims, and that bad faith in not paying those claims occurred both before and after the effective date of the amendment.  *Id.*.  Therefore this Court and others courts in this District have held that to the extent that bad faith of an

insurer continues after the effective date of the amendment, the amendment is effective. *Evans v. LaFayette Ins. Co.*, No. 06-6783, 2007 WL 4365386 (E.D. La. Dec. 11, 2007)(Lemmon, J.). There is no reason to depart from this Court's earlier reasoning in this case. Accordingly, the Motion in Limine (Rec. Doc. 43) is **GRANTED in part and DENIED in part** as set forth above.

*B. Motion for Summary Judgment*

Defendant filed this motion for Summary Judgment on the issue of bad faith, asking the Court to declare that as a matter of law, State Farm did not act in bad faith, and that State Farm did not act capriciously or arbitrarily in the adjustment of the claim. Defendant is correct that an insurer's actions are arbitrary and capricious when its willful refusal of a claim is not based on a good faith defense or is unreasonable or without probable cause. *La. Maintenance Serv. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250, 1253 (La. 1993). Further, Louisiana courts have held that plaintiffs are not entitled to penalties if the insurer has a reasonable basis to defend the claim. *Husseiny v. Indep. Fire Ins. Co.*, No. 93-1572, 1996 WL 637547 (E.D. La. Nov. 1, 1996). A serious dispute as to quantum, or the nature of the loss, will preclude a finding that an insurer's failure to pay the claim is arbitrary, capricious, or without probable cause. *Crawler Supply Co. v. Bituminous Cas.*

*Corp.*, 391 So. 2d 1223, 1225 (La. App. 1 Cir. 1980).

State Farm, in this case, argues that it promptly adjusted the claims and made initial payments.  State Farm then determined that the cause of most of the damage to the house was flood. Therefore, State Farm argues, because there is a legitimate dispute as to the cause of the damage, it cannot be held liable for penalties and fees.

The Plaintiffs claim that this motion for summary judgment should be denied as premature because Plaintiff has not yet taken the deposition of certain State Farm employees.  Therefore, Plaintiffs seek a continuance of the motion for summary judgment under FED. R. CIV. P. 56(f).  The Fifth Circuit has held that in order to trigger Rule 56(f), a non-movant need only submit an "equivalent statement preferably in writing" that conveys the need for additional discovery.  *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F. 2d 915, 919 (5th Cir. 1992).  Therefore, the Fifth Circuit held that there are three general requirements that a non-movant must establish for a continuance of a summary judgment motion: (1) that a request for extended discovery occur prior to the court's ruling on the summary judgment; (2) that the trial court is put on notice that further discovery pertaining to the summary judgment motion is being sought; and (3) that it is demonstrated to the trial court specifically how the requested

discovery pertains to the pending motions.  *Id.* (*citing Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267-68 (5th Cir. 1991)).

Plaintiffs claim that they have met the first two requirements easily, simply asserting that there is additional discovery that it yet to be taken.  However, the third requirement may be lacking.  Plaintiffs indicate that State Farm employees are to be deposed  in order to ask them about two facts in particular.  The first is regarding whether State Farm marketed a "hurricane protection" policy to the Plaintiffs.  The second is regarding whether State Farm investigated the possibility of  sewage backup (a covered peril) in adjusting plaintiffs' claim.

In fact, it is these two areas in which Plaintiffs indicate that their claim for bad faith rests.  First, in regards to information related to the marketing of a "hurricane protection" policy, this Court has already ruled that such a marketing device, even if true, cannot form the basis of a bad faith claim under section 1220. (Rec. Doc. 63).  Therefore, any information that Plaintiffs present related to the marketing of a hurricane protection policy cannot be used to address a motion for summary judgment on bad faith claims, and therefore the court should not grant a continuance to allow discovery on that issue.

The second issue on which Plaintiffs wish to conduct additional discovery is whether State Farm adequately investigated whether the loss was caused by a sewage backup, which is a covered peril.  Defendant responds that not only were these claims investigated, but that since the claims are not part of the complaint, they cannot be raised now.  *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F. 3d 108, 113 (5th Cir. 2005)("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").  Plaintiffs assert that the claim is not new, and is referred to in its complaint in paragraph VI.  In paragraph VI, Plaintiffs allege that "State Farm's failure to pay and to comply with the law and the terms of its homeowners policy is arbitrary, capricious, and or without probable cause."  Plaintiffs further allege that "there are other repairs and/or damages to their home which have yet to be discovered or that are not contained in the damages referred to above."  (Rec. Doc. 1-2, para. 7).  Therefore, Plaintiffs claim that they have raised the possibility of this claim in its complaint.

Further Plaintiffs note that deposition transcripts would show that there is a genuine issue of material fact with regards to the presence of a sewage backup causing damage to the house.

If there is evidence as to the sewage backup, and if State Farm unreasonably failed to investigate the possibility of a sewage backup, then it appears that summary judgment on the issue of bad faith would not be appropriate.

While the Court was considering the instant Motion for Summary Judgment, Defendant filed a Motion in Limine to Exclude Testimony Related to Sewage Back-Up Damages.  (Rec. Doc. 72). That motion is set for hearing on March 5, 2008.  As Defendant notes in its Motion in Limine, many of the issues raised in that motion are repetitive of the issues raised in this motion.  (Rec. Doc. 72-2 at 1).  Therefore, it will be more efficient for the Court to decide all issues related to the sewage back-up at one time.

Accordingly,

**IT IS ORDERED** that Defendant's Motion in Limine Regarding Limitation of Penalties and Attorney's Fees (Rec. Doc. 43) is **GRANTED in part and DENIED in part;**

**IT IS FURTHER ORDERED** that Plaintiffs' Rule 56(f) motion for a continuance to permit additional discovery related to the issue of whether State Farm investigated a sewage back-up is **GRANTED**. Therefore Defendant's Motion for Summary Judgment (Rec. Doc. 46) is **CONTINUED**.  The motion will be heard on the briefs only on **March 5, 2008.**  All parties may file additional memoranda related

to this issue no later than **February 27, 2008**.

New Orleans, Louisiana this the 12th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE